# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

UNITED STATES OF AMERICA             CRIMINAL NO. 3:18-CR-00147

VERSUS                               JUDGE TERRY A. DOUGHTY

DARYON D. KELLEY                     MAG. JUDGE KAREN L. HAYES

## MEMORANDUM ORDER

Pending before the Court is Defendant Daryon D. Kelley's ("Kelley") *pro se* Motion for Out-of-Time Appeal and Motion to Appoint Counsel [Doc. No. 97]. Kelley argues that his trial counsel failed to file a timely notice of appeal despite having been asked to do so.

On June 27, 2018, an Indictment was filed charging Kelley with one count of Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(1). A jury trial took place January 28, 2019, through January 30, 2019. The jury found Kelley guilty of the one-count Indictment. On May 15, 2019, Kelley was sentenced to 68 months imprisonment with credit for time served. [Doc. No. 93]. Kelley did not file a timely notice of appeal.

Subsequently, on September 17, 2019, a letter from the defendant was filed into the record, styled as a motion to file an out-of-time appeal and for the appointment of counsel [Doc. No. 97]. The Government filed a response in opposition [Doc. No. 98].

The timeliness of notices of appeal in criminal cases is governed by Federal Rule of Appellate Procedure 4(b), which provides in pertinent part:

(1) Time for Filing a Notice of Appeal.

(A) In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of:

> > (i) the entry of either the judgment or the order being appealed; or
>
> > (ii) the filing of the government's notice of appeal.

Potential relief from the 14-day filing period is found in Rule 4(b)(4), which provides:

> (4) Motion for Extension of Time.
>
> Upon a finding of excusable neglect or good cause, the district court may--before or after the time has expired, with or without motion or notice--extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Under the plain language of this rule, the district court is without authority to expand the time for filing a notice of appeal more than 30 days beyond the original deadline, thus providing the defendant with a maximum of 44 days after entry of the judgment to file his notice of appeal.

Kelley did not file a notice of appeal within fourteen (14) days after the entry of the criminal judgment. *See* FED. R. APP. P. 4(b)(1)(A). His motion to file an out-of-time appeal was filed beyond the 30 days for extending the appeal period under FED. R. APP. P. 4(b)(4).

If the Government objects to the timeliness of an appeal, Rule 4(b)'s requirements are mandatory, and this Court has no authority to extend the time-period for filing a notice of appeal beyond the 30 days prescribed in Rule 4(b). *See United States v. Leijano-Cruz*, 473 F.3d 571 (5th Cir. 2006); *see also United States v. Bernal-Garcia*, 278 Fed. App'x. 301 (5th Cir. 2008). Further, since the motion seeking an out-of-time appeal is untimely, Kelley is not entitled to the appointment of counsel. *Id.*

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Defendant Daryon D. Kelley's *pro se* Motion for Out-of-Time Appeal and Motion to Appoint Counsel [Doc. No. 97] is **DENIED**.

MONROE, LOUISIANA, this 2nd day of October, 2019.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**