UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| UNITED STATES OF AMERICA | CRIMINAL NO. 3:18-CR-00147 |
|---|---|
| VERSUS | JUDGE TERRY A. DOUGHTY |
| DARYON D. KELLEY | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM RULING

Pending before the Court is Defendant Daryon D. Kelley's ("Kelley") *pro se* Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 105].   Kelley argues that he is entitled to relief based upon the Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Upon review of the entire record, the Court has determined that this matter can be decided without an evidentiary hearing. For the following reasons, the Court denies the motion.

I.      Background

On June 27, 2018, an Indictment was filed charging Kelley with one count of Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(1). A jury trial took place January 28, 2019, through January 30, 2019.   At trial, Kelley stipulated that he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year. [Doc. No. 65; Doc. No. 80, p. 11].

The jury found Kelley guilty of the one-count Indictment. On May 15, 2019, Kelley was sentenced to 68 months imprisonment with credit for time served. [Doc. No. 93]. Kelley did not file a timely notice of appeal.

**II. LEGAL STANDARD**

Section 2255 of Title 28 of the United States Code provides that a federal prisoner

serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set

aside or correct the sentence." 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable

on a Section 2255 motion. The statute identifies four bases on which a motion may be made: (1)

the sentence was imposed in violation of the Constitution or laws of the United States; (2) the

court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory

maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of

error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255

proceeding unless the error constitutes "a fundamental defect which inherently results in a

complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting

*Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a Section 2255 motion is filed, the district court must first conduct a preliminary

review. "If it plainly appears from the motion, any attached exhibits, and the record of prior

proceedings that the moving party is not entitled to relief, the judge must dismiss the motion...."

Rules Governing Section 2255 Proceedings, Rule 4(b).

An evidentiary hearing must be held "[u]nless the motion and the files and records of the

case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No

evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the

likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006)

(quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a

preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For

certain "structural" errors, relief follows automatically once the error is proved. *Brecht v.

Abrahamson*, 507 U.S. 619, 629-30 (1993). For other "trial" errors, the court may grant relief

only if the error "had substantial and injurious effect or influence" in determining the outcome of

the case. *Id.* at 637-38 (citation omitted); *see also United States v. Chavez*, 193 F.3d 375, 379

(5th Cir. 1999) (applying *Brecht* in a Section 2255 proceeding). If the court finds that the

prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the

prisoner or resentence him or grant a new trial or correct the sentence as may appear

appropriate." 28 U.S.C. § 2255(b).

III.    Analysis

      The sole ground for Kelley's motion is the United States Supreme Court decision in

*Rehaif*.   In *Rehaif*, the Supreme Court determined that the government "must show that the

defendant knew he possessed a firearm and also that he knew he had the relevant status when he

possessed it" in a prosecution under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2). *Rehaif*, 139

S. Ct. at 2191, 2194. Neither the Supreme Court nor the United States Court of Appeals for the

Fifth Circuit has addressed the issue of whether *Rehaif* was made retroactively applicable to

cases on collateral review. However, the Eleventh, Third and Sixth Circuit Courts of Appeals, in

addition to numerous district courts, have determined that *Rehaif* is not retroactively applicable

to cases on collateral review. *See In re Palacios,* 931 F.3d 1314 (11th Cir. 2019). The Eleventh

Circuit analyzed the issue in *Palacios* and stated*:*

> His claim relies solely on *Rehaif*, which did not announce a "new
> rule of constitutional law," but, instead, clarified that, in prosecuting
> an individual under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2)—
> which provides that anyone who "knowingly violates" § 922(g) can

> be imprisoned for up to 10 years—the government must prove that
> the defendant knew he violated each of the material elements of §
> 922(g). *Rehaif*, 139 S. Ct. at 2195-96 (emphasis added). Moreover,
> even if *Rehaif* had announced a new rule of constitutional law, as
> Palacios concedes in his application, it was not made retroactive to
> cases on collateral review by the Supreme Court. *See Tyler v. Cain*,
> 533 U.S. 656, 661-66, 121 S. Ct. 2478, 150 L.Ed.2d 632 (2001).

*In re Palacios*, 931 F.3d at 1315. *See also In re Wright*, 942 F.3d 1063, 1065 (11th Cir. 2019)

("First, *Rehaif v. United States* did not announce a new rule of constitutional law but rather

clarified the requirements of 18 U.S.C. §§ 922(g) and 924(a)(2) (citing *Palacios*). Further, the

Supreme Court did not make *Rehaif* retroactive to cases on collateral review."); *In re Sampson,*

954 F.3d 159, 161 (3d Cir. 2020) ("First and foremost, *Rehaif* did not state a rule of

constitutional law at all.... Because Sampson has not made the required prima facie showing that

his claim rests on a new, retroactively applicable rule of constitutional law, we will deny his

application to file a second or successive motion to vacate his sentence."); *Khamisi-El v. United*

*States*, 800 F. App'x 344 (6th Cir. 2020) ("The rule stated in *Rehaif* is a matter of statutory

interpretation, not a 'new rule of constitutional law.' " (citing *Palacios*)); *Unites States v. Saenz,*

No. 00-09, 2020 WL 1321600, at *2 (S.D. Tex. Mar. 16, 2020); *Baker v. United States,* No. 17-

CR-382, 2020 WL 1144632, at *3 (W.D. Tex. Mar. 9, 2020) (collecting cases); *Moore v. United*

*States*, No. 2:19-CV-2572, 2019 WL 4394755, at *1 (W.D. Tenn. Sept. 12, 2019); *Nixon v.*

*United States*, No. 4:19-CV-747, 2019 WL 6498088, at *3 (N.D. Tex. Dec. 3,2019) (*Rehaif* did

not announce a new rule made retroactive; it merely interpreted section 922(g)); *United States v.*

*Benton*, No. 3:12-0118, 2020 WL 132276, at *2 (W.D. La. Jan. 9, 2020); *United States v. Scott*,

No. 17-CR-23, 2020 WL 1030927, at *13 n. 86 (E.D. La. Mar. 3, 2020).

This Court agrees with the reasoning of these courts. While Kelley filed his section 2255

motion within one year of the issuance of *Rehaif*, the Supreme Court did not announce a new

rule of law and make that rule retroactive.

## IV.     Conclusion

For the above reasons,

**IT IS ORDERED** that Defendant Daryon D. Kelley's ("Kelley") *pro se* Motion Under

28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 105] is **DENIED** and

**DISMISSED WITH PREJUDICE.**

MONROE, LOUISIANA, this 19th day of May, 2020.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**

5