UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 3:18-CR-00147** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **DARYON D. KELLEY** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Daryon D. Kelley's ("Kelley") Motion to Alter or Amend Judgment Under Rule 59(e) [Doc. No. 109]. Kelley seeks to have the Court reconsider its May 19, 2020 Ruling and Judgment [Doc. Nos. 106, 107] denying and dismissing his Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 105].

A Rule 59(e) motion calls into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). Rule 59(e) serves "'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Basinkeeper v. Bostick,* 663 F. App'x 291, 294 (5th Cir. 2016) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Amending a judgment is appropriate under Rule 59(e): "'(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact.'" *Berezowsky v. Rendon Ojeda*, 652 F. App'x 249, 251 (5th Cir. 2016) (quoting *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012)).

Because Rule 59(e) has a "narrow purpose," the Fifth Circuit has "observed that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used

sparingly.'" *Id*. (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Thus, "a motion for reconsideration 'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'" *Id*. (quoting *Templet*, 367 F.3d at 479).

Here, Kelley points to no manifest errors of law or fact upon which judgment is based, does not identify any new evidence that is available, there has been no intervening change in the law, and there is no identified need to prevent manifest injustice. Accordingly,

**IT IS ORDERED** that Kelley's motion is **DENIED**.

MONROE, LOUISIANA, this 8th day of June, 2020.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**