UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 3:18-CR-00147** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **DARYON D. KELLEY** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Daryon D. Kelley's ("Kelley") Motion to Reconsider Denial of Certificate of Appealability [Doc. No. 111]. Kelley seeks to have the Court reconsider its May 19, 2020 denial of a Certificate of Appealability [Doc. No. 108].

On May 18, 2020, Kelley filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 105], arguing that he is entitled to relief based upon the Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). On May 19, 2020, the Court issued a Ruling and Judgment [Doc. Nos. 106, 107] denying and dismissing his § 2255 motion. The Court concluded that, while Kelley filed his section § 2255 motion within one year of the issuance of *Rehaif*, the Supreme Court did not announce a new rule of law and make that rule retroactive. On May 19, 2020, the Court also issued its denial of a Certificate of Appealability, finding that Kelley had failed to make a substantial showing of the denial of a constitutional right. [Doc. No. 108].

On June 5, 2020, Kelley filed a Motion to Alter or Amend Judgment Under Rule 59(e) [Doc. No. 109], asking the Court to reconsider its May 19, 2020 Ruling and Judgment [Doc. Nos. 106, 107] denying and dismissing his § 2255 motion. Kelley argued that the Court erred in

finding that *Rehaif* is not retroactively applicable to cases on collateral review. He did not ask the Court to reconsider its denial of a Certificate of Appealability.

On June 8, 2020, the Court issued a Memorandum Order finding that Kelley was not entitled to relief under Rule 59(e) because he pointed to no manifest errors of law or fact upon which judgment is based, he did not identify any new evidence that had become available, there has been no intervening change in the law, and there is no identified need to prevent manifest injustice. [Doc. No. 110].

On July 8, 2020, Kelley filed the pending motion asking the Court to reconsider its May 19, 2020 denial of a Certificate of Appealability. ]Doc. No. 111]. The underlying basis for this motion is exactly the same as the grounds asserted in his prior motion to reconsider, *i.e,* that the Court erred in finding that *Rehaif* is not retroactively applicable to cases on collateral review. Therefore, for that reason alone, the pending motion should be denied, as Kelley has once again failed to make a substantial showing of the denial of a constitutional right.

Additionally, Kelley's motion cannot be considered under Rule 60(b) because it is not the appropriate means for seeking such relief. The denial is not a judgment, and Kelley may seek a certificate of appealability from the United States Court of Appeals. *See United States v. Davis*, Criminal No. 10-036, 2014 WL 2625004 (E.D. La. June 12, 2014).

Accordingly,

**IT IS ORDERED** that Kelley's motion [Doc. No. 111] is **DENIED**.

MONROE, LOUISIANA, this 13th day of July, 2020.

                                                  **TERRY A. DOUGHTY**
                                                  **UNITED STATES DISTRICT JUDGE**