UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:18-CR-00147-01 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| DARYON D. KELLEY | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM ORDER

Pending before the Court is Defendant Daryon D. Kelley's ("Kelley") *pro se* Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 105].

A Supplemental Brief [Doc. No. 132] has been filed by the Government. There has been no response. The Court ordered via Minute Entry [Doc. No. 130] response times for both the Government and Defendant. The Minute Entry was mailed to Kelley at his last known address. It was returned as undeliverable [Doc. No. 131] on January 17, 2023.

For the reasons set forth herein, Kelley's Motion to Vacate is DENIED.

I.  PROCEDURAL HISTORY

Kelley was indicted by a federal grand jury [Doc. No. 1] on June 27, 2018, charging Kelley with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  After a three-day jury trial, Kelley was found guilty on January 30, 2019.[1] At trial, Kelley stipulated that he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year[2] but the jury was not instructed that it had to find Kelley knew he was a felon when he possessed the firearm.   Kelley was sentenced to 68 months imprisonment, followed by three years

---

[1] [Doc. No. 84]
[2] [Doc. No. 65; Doc. No. 80, p. 11]

of supervised release, on May 15, 2019.

On June 21, 2019, the United States Supreme Court decided the case of *Rehaif v. United States*, 139 U.S. Ct. 2191 (2019), which held that in a prosecution for a felon in possession of a firearm, the government must show the defendant knew that he belonged to the relevant category of individuals prohibited from possessing a firearm. Thereafter, on May 18, 2020, Kelley filed a Motion to Vacate his conviction and/or sentence based upon *Rehaif*.[3]

On May 19, 2020, Kelley's Motion to Vacate was denied.[4] Kelley appealed,[5] and on August 30, 2022, the United States Court of Appeals for the Fifth Circuit vacated and remanded[6] Kelley's Motion to Vacate, finding *Rehaif* was retroactive.[7] The Fifth Circuit pointed out that the Government had argued that regardless of the retroactive application of *Rehaif,* Kelley could not overcome the procedural bar for raising that claim in a 2255 motion and that Kelley was not entitled to relief under *Rehaif*. The Fifth Circuit indicated these issues could be addressed by this Court. On January 18, 2023, the Government filed a Supplemental Brief addressing these issues.

## II.  FACTS

On October 2, 2017, Kelley was stopped by a West Monroe police officer for running a stop sign. Kelley had no identification on his person, indicated the car was rented and identified himself as Victor Kelley.[8] The police officer looked in a computer database and discovered Victor Kelley did not resemble the individual he had stopped.[9]

The officer noticed a smell of marijuana and performed a search of the car. The officer

---

[3] [Doc. No. 105]
[4] [Doc. No. 107]
[5] [Doc. No. 112]
[6] [Doc. No. 129]
[7] [Id.]
[8] [Doc. No. 120, pp.50-53]
[9] [Id at pp.55-56]

found a loaded Ruger LC9 pistol in the center console armrest between the front passenger and driver seats. Beneath the pistol was $10,400.00 in cash and a partially smoked marijuana cigar.[10]

Kelley was arrested, taken to jail, and finally identified himself as Daryon D. Kelley. Kelley told the officer the cash was from the sale of a car and said, "It's not against the law to have a gun and money."[11] Kelley never indicated he did not know the gun was present and never stated the gun belonged to someone else. Upon finding Kelley was a convicted felon, he was arrested on that charge.[12]

At trial, the parties stipulated that Kelley had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year.[13] Kelley's probation officer testified that at the time of the stop, Kelley was on probation and had been advised he was prohibited from possessing a firearm.[14] The probation judgment from the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana, which was signed by Kelley, showed Kelley was sentenced to four years at hard labor, which was suspended, and he was placed on active supervised probation for three years. Condition Number 6 stated Kelley was prohibited from owning or possessing a firearm.[15]

Kelley testified at trial. Kelley acknowledged he had been convicted of a felony and knew that he was prohibited from possessing a firearm. Kelley also admitted that at the time of the stop, he knew he could not possess a firearm.[16] Kelley's defense was that his brother, Victor Kelley, had used the car the day before his stop, and Victor Kelley had put the pistol and cash in the car.

---

[10] [Id. at pp.57-62]
[11] [Id., p.78]
[12] [Id. at pp. 76-78]
[13] [Doc. No. 65]
[14] [Doc. No. 120, p. 143]
[15] [Id. at pp.143-146]
[16] [Doc. No. 121, pp. 286-292]

3

Kelley testified he did not know the firearm was in the vehicle. Kelley testified, "I did know I could not possess a firearm. I did not know that a firearm was in the vehicle."[17]

On rebuttal, the Government introduced recordings of conversations between Kelley and witnesses while Kelley was in jail, in which Kelley requested they testify that Victor Kelley had placed the cash and pistol in the car.[18]

## III. LEGAL STANDARD

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a Section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a Section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion...." Rules Governing Section 2255 Proceedings, Rule 4(b).

---

[17] [Id. at p. 293]
[18] [Doc. No. 121, p.330]

4

An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Id.* at 637-38 (citation omitted); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht* in a Section 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

### IV.  ANALYSIS

In *Rehaif*, the Supreme Court determined that the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it" in a prosecution under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2). *Rehaif*, 139 S. Ct. at 2191, 2194. The Fifth Circuit has now addressed the issue of *Rehaif*, and it has held that it is retroactively applicable to cases on collateral review. The Court shall analyze the matter accordingly.

Kelley is unable to establish "cause and prejudice." First, the *Rehaif*-type challenger to a

922(g) conviction was available before *Rehaif Thomas v. United States*, 2021 WL 4557217 at 4 (N.D. Texas 2021). Although *Rehaif* had not yet been decided, a claim is not "futile" if it means simply that a claim was unacceptable to that particular court at that particular time. *Bousley,* 528 U.S. at 622-23.

Second, Kelley absolutely has not demonstrated "prejudice." It is the movant's burden to show that the error worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions. *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991). The degree of prejudice resulting from error should be evaluated in the total context of the events at trial. *United States v. Frady,* 456 U.S. 152, 169-70 (1982).

There is no prejudice here because Kelley admitted he knew he was a convicted felon, knew he was unable to legally possess a firearm, and knew that he signed conditions of probation in which he acknowledged he could not own or possess a firearm. Additionally, the recorded jail call showed Kelley knew the pistol was in the car.

Therefore, regardless of the retroactive application of *Rehaif*, the Court finds that Kelley has not shown he was entitled to relief because he cannot overcome the procedural bar for consideration of the claim. Kelley has failed to establish cause for failure to raise the issues earlier, and he has failed to show prejudice. Finally, Kelley cannot overcome the procedural bar because he cannot show actual innocence.

## V. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Kelley's *pro se* Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 105] is **DENIED**.

MONROE, LOUISIANA, this 17th day of February, 2023.

_____
**TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE**